LILLIAN CAUCHOIS, Appellant, *v.* WILLIAM B. PROCTOR, Respondent.

*Judgment upon the merits — proper, where the reply admits a defense set up in the answer — leave to amend where an admission is made by mistake, how applied for.*

Upon an appeal from a judgment rendered in an action dismissing the complaint upon the merits, the complaint alleged a co-partnership between the plaintiff and the defendant and demanded an accounting; the answer set up that the partnership agreement had been by mutual consent abrogated on the day that it was entered into, which allegation in the answer was admitted by the reply.

*Held,* that an affirmative defense was conclusively established by the admission contained in the reply, and that the court properly dismissed the complaint upon the merits.

It appeared that when the defendant moved for judgment on the pleadings, the plaintiff applied for leave to amend her reply by withdrawing the admission contained in the reply and by substituting for it a denial.

*Held,* that, as the amendment would have substantially changed the issue upon which the case was brought to a hearing, the amendment was properly refused by the court;

That if the admission in the reply resulted purely from mistake, the proper course to be pursued by the plaintiff was to have applied to postpone the trial and then to have made an application, upon regular notice, for leave to serve an amended reply.

APPEAL by the plaintiff, Lillian Cauchois, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Westchester on the 30th day of March, 1895, upon the decision of the court rendered after a trial at the Westchester Special Term dismissing the complaint upon the merits.

The complaint in this action alleged that on the 15th day of September, 1888, the plaintiff entered into an agreement with defendant that they should become, and they did then become co-partners in the business of carrying on a restaurant from the said date until the 30th day of April, 1891.

That by said agreement plaintiff became entitled to one-half of the profits of said business and one-half of the capital, assets and good will thereof.

That during the term of said co-partnership, profits were realized from said business to a large amount, of which defendant had paid to plaintiff only the sum of $16,677.78, leaving a balance thereof due to plaintiff of upwards of $4,385; that exactly how much was well known to defendant, but that plaintiff had no means of knowing, except through the books of account of said business, and other sources to which plaintiff had no access and could obtain none, except by legal process.

That at the expiration of said term, the value of the capital and assets and good will of said business was upwards of $100,000, for which defendant had not accounted or paid to plaintiff anything whatever.

The plaintiff demanded judgment, that the defendant be required to account in the premises, and to pay to plaintiff whatever might appear on said accounting to be due her; that the assets and good will of said business and the lease of the premises in which the co-partnership business was carried on be sold and the proceeds thereof be divided between defendant and plaintiff; that a receiver of said property be appointed during the pendency of the action; and that plaintiff have such other and further relief as should be just and equitable.

The answer after alleging the execution of the partnership agreement, alleged " that subsequently, and on the afternoon of the same day, the defendant and the said Frederick A. Cauchois, then being and acting as the agent of the plaintiff, by mutual consent abro-

gated, annulled, cancelled and destroyed said agreement between the plaintiff and the defendant."

*Roger M. Sherman*, for the appellant.

*Theron G. Strong*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the Special Term dismissing the plaintiff's complaint on the merits. The complaint alleged a co-partnership; the answer set up, with other defenses, that the agreement for a partnership was by mutual assent abrogated and annulled. To this and another affirmative defense the plaintiff, by an order of the court, was compelled to reply. By the reply the plaintiff expressly admitted the allegations of the answer above recited. At the opening of the trial the defendant moved for judgment on the pleadings.

It is not disputed that the defense pleaded and admitted was a complete bar to the action. Therefore, as the pleadings stood a judgment for the defendant was unquestionably correct. But it is claimed that the dismissal should not have been on the merits. We cannot see why. The complaint was dismissed, not because of a failure of proof, or because the complaint failed to state a good cause of action, but because an affirmative defense was conclusively established by the admission of the reply. Had the case been at law before a jury, the proper direction would have been, not a nonsuit but a verdict for the defendant. Being in equity, the complaint might properly either have been dismissed on the merits, or judgment ordered for the defendant.

When the defendant moved for judgment on the pleadings, the plaintiff applied to amend her reply by withdrawing her admission of the defense and substituting therefor a denial, claiming that the admission occurred through inadvertence and error. This application was denied. The plaintiff complains of this ruling as erroneous. While the amendment sought may not fall within the strict letter of the Code of Civil Procedure (§ 723), as it did not technically change a claim or defense, it did substantially change the issue on which the case was brought on for hearing. The very object of compelling a reply was that defendant might know whether the facts of this

defense were admitted or controverted. The amendment should not have been allowed against the objection of the defendant. The plaintiff upon discovering the mistake in her pleading should have applied to postpone the trial and made regular application on notice for leave to serve an amended reply.

Nor is the plaintiff now without remedy. She may move for a new trial on the ground of surprise and also for permission to amend her pleading, which will doubtless be granted, but there has been no error committed on the trial which justifies a reversal of the judgment.

The judgment appealed from should be affirmed, with costs, unless within twenty days the plaintiff withdraws her appeal and pays the respondent the costs of the appeal.

All concurred.

Judgment affirmed, with costs, unless within twenty days the plaintiff withdraws her appeal and pays the respondent the costs of the appeal, in which case leave is granted to the plaintiff to apply at Special Term to vacate the judgment and to amend her reply.